UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PATRICK OLIVIER                          CIVIL ACTION NO. 12-CV-642

VERSUS                                   JUDGE DOHERTY

STEVE KELLY, ET AL                       MAGISTRATE JUDGE HANNA

## *REPORT AND RECOMMENDATION*

Before the undersigned, on referral from the district judge for report and recommendation, is the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), filed by Defendants. [Rec. Doc. 9] The plaintiff is unrepresented.  Oral argument on the motion was heard on August 22, 2012.  After considering the record, the memoranda and the arguments presented by the parties, it is the recommendation of the undersigned that the motion be GRANTED and that the claims of Plaintiff be DISMISSED, without prejudice, since this court lacks subject matter jurisdiction.

**Pertinent Factual and Procedural History:**

Patrick Olivier is 68  years old.  He served in the United States Marine Corps from December 16, 1968 to his honorable discharge in November, 1970. [Rec. Doc. 4-5, p. 4; 10-1, p. 15] While the record does not provide a complete chronology of Mr. Olivier's claims history with the Department of Veterans Affairs (VA), it is clear that he made a claim for an increase in his service-connected compensation on October 15, 2010. [Rec. Doc. 4-5, p. 7]

As of December, 2011, the plaintiff's claims for veteran's disability benefits were proceeding through the required administrative process within the VA, and he was communicating with the National Service Office of the Disabled American Veterans (DAV) regarding the progress of his claim, the anticipated decision to be issued by the VA, and his appeal avenues in the event he was dissatisfied with the VA decision. [Rec. Doc. 4-5, pp. 5-6] Within days, on December 20, 2011, the Department of Veterans Affairs issued its decision on Olivier's claim, increasing his disability rating relative to "Residuals, stress fracture, right calcaneus" from 0% (from June, 1989) to 10%, effective October 15, 2010. Other aspects of Olivier's claim were found not to be service-related and therefore denied, or otherwise deferred.  [Rec. Doc. 4-5, pp. 7-12]

Mr. Olivier drafted a letter of appeal to Steve Kelly of the Department of Veterans Affairs, with a similar letter sent to the DAV, wherein Olivier expressed dissatisfaction with the VA decision and demanded "100% service and back pay from September 10, 1968 through December 31, 2012."[1] [Rec. Doc. 4-5, p. 8-9] Documents submitted into the record by the plaintiff confirm that Olivier submitted, and the VA received a Notice of Disagreement (NOD) (referenced by the DAV in its correspondence to Olivier), sufficient to initiate an appeal according to the proper procedure. [Rec. Doc. 7]

On March 7, 2012, Olivier filed a handwritten Complaint in this court, naming as defendants the Veterans Administration and Steve Kelly and claiming he had been

---

[1]The letters are not dated.

wrongfully inducted into the military, sustaining disabling injury while in the Marines. [Rec. Doc. 1, 1-1]  On May 18, 2012, Mr. Olivier again submitted a handwritten letter to the court, indicating his desire to have the letter replace his original complaint and including attachments setting out details of his military history and medical conditions for which he received treatment over the years.  He expressed dissatisfaction with the disability rating received from the VA. [Rec. Doc. 10] On the same date, he submitted a second letter with attachments of medical records. [Rec. Doc. 11]

On May 22, 2012, the instant motion was filed by the government. [Rec. Doc. 9] On June 1, 2012, Mr. Olivier submitted another letter, addressed to the district judge, which the undersigned will infer was presented in response to the motion. [Rec. Doc. 13]

## APPLICABLE LAW AND DISCUSSION

*The Rule 12(b)(1) Standard:*  Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151(5th Cir. 1998).  The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.  *St. Paul Reinsurance Co. V. Greenberg*, 134 F.3df 1250, 1253(5th Cir. 1998).  When the court "lacks the statutory or constitutional power to adjudicate [a] case," the case should be dismissed pursuant to Rule 12(b)(1).  *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996).

When reviewing a factual attack on subject matter jurisdiction, a district court may

not presume the truthfulness of the complaint's factual allegations. Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, as well as to conduct a limited Evidentiary Hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995).

However, a court is required to convert a Rule 12(b)(1) Motion to Dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *Holt*, 46 F.3d at 1003. The jurisdictional question is deemed to be intertwined with the merits of the case, if the same statute which provides the court with subject matter jurisdiction, also forms the basis for a substantive claim. *Id*.  "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). In this case, the undersigned has considered the entire record.

The defendants assert that this Court is without jurisdiction to consider the appeal by Mr. Olivier of the decision by the Department of Veterans Affairs(VA) since such judicial review is precluded by the doctrine of sovereign immunity and by provisions of 38 U.S.C. §511.  The plaintiff has not articulated any grounds for objection or opposition to the motion.

Under the doctrine of sovereign immunity, the United States cannot be sued without its consent.  This immunity cannot be avoided by suing individual federal departments.  Even when an action is brought against a federal official, when the judgment sought would compel government action, it is considered as brought against the sovereign.   The dispositive question is "who will pay the judgment?" *Stafford v. Briggs*, 444 U.S. 527, 542, 100 S.Ct. 774  n.10 (1980) (quoting from *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).  Any waiver of sovereign immunity by the United States must be unequivocal.  *United States v. Nordic Village, Inc.,* 503 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed. 2d 580 (1983).

Enacted in 1988, the Veteran's Judicial Review Act, 38 U.S.C. §7251, provided a limited waiver of sovereign immunity for lawsuits seeking review of VA benefits decisions. The VJRA creates "an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs.  The VJRA allows veterans to appeal benefits determinations to the Board of Veterans' Appeals.  Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals("CVA")." *Zuspann v. Brown*, 60 F.3d 1156, 1158-59(5th Cir. 1995).  The CVA is also vested with the authority to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. §7261(a)(2).  The CVA's decisions are reviewed exclusively by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §7292.  Finally, the United States Court of Appeals for the Federal Circuit's decisions may be reviewed by the United States Supreme

Court by writ of certiorari. 38 U.S.C. §7292(c).

District courts are precluded from reviewing VA benefit decisions.  38 U.S.C. §511. Section 511(a) provides that the Secretary of the VA shall decide all questions of law and fact relating to a veteran's benefits.  The decision by the Secretary as to any such question "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.* The only exceptions are challenges to the constitutionality of the statutes underlying the veterans' benefits program. *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) (citing *Johnson v. Robison*, 415 U.S. 361, 367, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974)).  Thus a federal court is without jurisdiction to consider a claimant's challenge to his individual VA benefits.[2] *Id.*(citations omitted).

In this case, the plaintiff is not bringing a facial attack on the constitutionality of any statute addressing the calculation or determination of his veteran's benefits.  Instead, he is merely complaining about the denial of benefits.  His claim is a direct challenge to the VA's determination of his individual benefits.  He seems to have complied with the requisite

---

[2]Congress has set forth a specific procedure for challenging a determination of benefits. If the veteran disagrees with the Department's decision, the veteran may appeal by filing a notice of disagreement(NOD) with the Board of Veterans Appeals. 38 U.S.C. §7105.  The Board's decision is the final decision of the Secretary. 38 U.S.C. §7104(a).  A veteran desiring to appeal the Secretary's decision must file a notice of appeal within 120 days from receipt of the decision. 38 U.S.C. §7266(a).  The Court of Veteran Appeals has "exclusive jurisdiction" to review the decisions of the Board of Veterans Appeals. 38 U.S.C. §7252(a).  Any appeals from the Court of Veteral Appeals must be filed with the Court of Appeals for the Federal Circuit. 38 U.S.C. §7292.

procedure for disputing the VA's determination regarding his benefits, at least through the NOD process.  In any event, construing his claim in the most favorable light, the Court interprets the plaintiff's claims as a general attack on the VA's determination regarding his benefits and his disagreement with that determination, as well as his complaints about the VA's alleged mistreatment of him.  Under the law cited above, this Court is without jurisdiction to hear those claims, and the plaintiff's claims against the VA and its official should be dismissed without prejudice for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## *Recommendation*

Based on the record of the instant case, the memoranda and arguments of the parties, the undersigned recommends that the Motion to Dismiss based on Rule 12(b)(1) be GRANTED, and that the claims of Patrick Olivier be DISMISSED, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar

an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 31st day of August, 2012.

_____
Patrick J. Hanna
United States Magistrate Judge

-8-